# Law Office

**112 Madison Avenue, 6th Floor**
**New York, New York 10016**
www.loajr.com

**Via ECF**

Honorable Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, New York 10601

> Defendant Trail is directed to file and serve a letter in response to plaintiff's request for a pre-motion conference in connection with the referenced discovery dispute by 8/18/2021. The Clerk of Court is respectfully requested to mail a copy of this Order to pro se defendant Trail.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>           August 11, 2021

Re: Atkinson v. Trail, et al.
Docket No.: 20-cv-06101

Dear Honorable Sir:

As you may know, my office represents the plaintiff in the above-captioned matter. Please accept this correspondence as plaintiff's request for a pre-motion conference for permission to make a motion pursuant to Federal Rule of Civil Procedure 37(a)(1), or an order compelling Defendant Trail to sign a 160.50 release for his sealed records.

On July 13, 2021, my office contacted defendant Garth Trail to request access to his sealed criminal records pertaining to Indictment No. DA00975-18. Annexed hereto as **Exhibit A** are records from the Westchester County Clerk's Office. Defendant Trail refused to comply with said request and I informed him that my office would be making a motion to this Court. Annexed hereto as **Exhibits B and C** are certifications of good faith. As such, with the permission of this Court, plaintiff will move for an order compelling defendant Garth Trail to provide my office access to sealed records.

Pursuant to F.R.C.P. 37(a)(1), "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37. "In federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should

Case 7:20-cv-06101-PMH Document 28 Filed in NYSD on 03/03/2021 Page 2 of 3

be discoverable." *Fountain v. City of NY*, 2004 U.S. Dis. LEXIS 7539, *3 (S.D.N.Y. May 3, 2004).

It is well established that mutual knowledge of all relevant facts is essential to proper litigation. *Hickman v. Taylor*, 329 US 495, 507 (1947). Parties may seek liberal discovery on any matter reasonably calculated to lead to admissible evidence. *Fed. R.Civ.P.26(b)(1)*. The Court may consider several factors in determining whether discovery on an issue is appropriate including (1) importance of the issues at stake; (2) the importance of the proposed discovery in resolving those issues; (3) the amount in controversy; and (4) the parties resources. The party resisting discovery bears the burden of clarifying and explaining why its objections are proper. *Bass v. Grottoli*, 1996 U.S. Dist. LEXIS 11531, 7-8 (S.D.N.Y 1996 *J. Reice-Buchwald*)

In the instant matter, defendant Trail's sealed records pertaining to his prosecution and guilty plea to the underlying sexual assault and rape claims are highly relevant to plaintiff's claims. Specifically, (1) the discovery is central to the case; (2) the discovery goes directly to several issues in the case; (3) the amount in controversy is significant, and (4) although Mr. Trail has extremely limited means, all that is required is that he sign a document and get it notarized. Therefore, the plaintiff is clearly entitled to this information.

Annexed hereto as **Exhibit D** is a press release from the Westchester District Attorney's Office detailing his plea. Plaintiff requires access to these criminal records to continue pursuing her civil claim. Mr. Trail has refused to provide a signed 160.50 and should be compelled to do so. In good faith, this office sent Mr. Trail a letter annexed hereto as **EXHIBIT E** along with a 160.50 annexed as **EXHIBIT F** and advised that this office would seek this court's permission to make a motion to compel his signature. Mr. Trail did not provide his signature.

Therefore, plaintiff seeks a pre-motion conference with this Honorable Court, or in the interest of judicial economy, for an Order pursuant to F.R.C.P. 37(a)(1) compelling defendant Trail to provide access to these sealed records. We thank the Court for its time and consideration in this matter.

Respectfully,

/s/
Adam J. Roth

CC:

Garth Trail
1714 Crotona Park East, Apt. 1A
Bronx, New York 10460