# Law Offices of Adam J. Roth

**112 Madison Avenue, 6th Floor**  **(212) 922 - 3741**
**New York, New York 10016**  **(212) 253 – 4157**
**www.loajr.com**  **ajr@loajr.com**

**Via ECF**

Honorable Philip M. Halpern  August 3, 2021
United States District Court
Southern District of New York
300 Quarropas St.  Re: Atkinson v. Trail, et al.
White Plains, New York 10601  Docket No.: 20-cv-06101

Dear Honorable Sir:

As you may know, my office repre[sents]...

Please accept this correspondence as plaint[iff's]...

permission to make a motion pursuant to F[RCP]...

compelling Defendant Trail to sign a 160.5[0 release]...

On July 13, 2021, my office contac[ted]...

sealed criminal records pertaining to Indic[tment]...

are records from the Westchester County C[ourt]...

said request and I informed him that my of[fice]...

hereto as **Exhibits B and C** are certificatio[ns]...

Court, plaintiff will move for an order com[pelling]...

access to sealed records.

> Application GRANTED. The Court construes Plaintiff's letter-motion (Doc. 28) as a motion pursuant to Fed. R. Civ. P. 37(a) to compel Defendant Trail to properly execute and have notarized a 160.50 release for his sealed criminal records in connection with Indictment No. DA00975-18, and grants same. On its face, the request is within the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1). Defendant Trail has failed oppose this application or set forth any argument against the requested disclosure.
>
> Accordingly, Defendant Trail is directed to provide access to the subject sealed criminal records to Plaintiff by properly executing and having notarized the release annexed to this application as Exhibit F (Doc. 28-6) and returning it to Plaintiff's counsel within seven days of the date of this Order.
>
> The Clerk of Court is respectfully requested to mail a copy of this Order to pro se defendant Trail.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> August 23, 2021

Pursuant to F.R.C.P. 37(a)(1), "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37. "In federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should

be discoverable." *Fountain v. City of NY*, 2004 U.S. Dis. LEXIS 7539, *3 (S.D.N.Y. May 3, 2004).

It is well established that mutual knowledge of all relevant facts is essential to proper litigation. *Hickman v. Taylor*, 329 US 495, 507 (1947). Parties may seek liberal discovery on any matter reasonably calculated to lead to admissible evidence. *Fed. R.Civ.P.26(b)(1)*. The Court may consider several factors in determining whether discovery on an issue is appropriate including (1) importance of the issues at stake; (2) the importance of the proposed discovery in resolving those issues; (3) the amount in controversy; and (4) the parties resources. The party resisting discovery bears the burden of clarifying and explaining why its objections are proper. *Bass v. Grottoli*, 1996 U.S. Dist. LEXIS 11531, 7-8 (S.D.N.Y 1996 *J. Reice-Buchwald*)

In the instant matter, defendant Trail's sealed records pertaining to his prosecution and guilty plea to the underlying sexual assault and rape claims are highly relevant to plaintiff's claims. Specifically, (1) the discovery is central to the case; (2) the discovery goes directly to several issues in the case; (3) the amount in controversy is significant, and (4) although Mr. Trail has extremely limited means, all that is required is that he sign a document and get it notarized. Therefore, the plaintiff is clearly entitled to this information.

Annexed hereto as **Exhibit D** is a press release from the Westchester District Attorney's Office detailing his plea. Plaintiff requires access to these criminal records to continue pursuing her civil claim. Mr. Trail has refused to provide a signed 160.50 and should be compelled to do so. In good faith, this office sent Mr. Trail a letter annexed hereto as **EXHIBIT E** along with a 160.50 annexed as **EXHIBIT F** and advised that this office would seek this court's permission to make a motion to compel his signature. Mr. Trail did not provide his signature.

Therefore, plaintiff seeks a pre-motion conference with this Honorable Court, or in the interest of judicial economy, for an Order pursuant to F.R.C.P. 37(a)(1) compelling defendant Trail to provide access to these sealed records. We thank the Court for its time and consideration in this matter.

                                                      Respectfully,

                                                     /s/
                                                   Adam J. Roth

CC:

Garth Trail
1714 Crotona Park East, Apt. 1A
Bronx, New York 10460