# Law Offices of Adam J. Roth

112 Madison Avenue, 6th Floor
New York, New York 10016
www.loajr.com

Honorable Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, New York 10601

> Application granted. A telephone conference has been scheduled for 10/7/2021 at 12:00 p.m. At the time of the scheduled conference, all parties shall call the following number: (888) 398-2342; access code 3456831.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> September 15, 2021

        Re:    Atkinson v. Trail et. Ano.
               Civ Case No. 20-cv-6101

Dear Honorable Sir:

      As you know, my office represents the plaintiff in the above-captioned matter. Please accept this correspondence as Plaintiff's request for a Local Rule 37.2 Conference, or a pre-motion conference, on consent, requesting permission to make a motion for an Order pursuant to Federal Rule of Civil Procedure 37(a)(1) compelling discovery from Defendant Dada.

      Pursuant to F.R.C.P. 37(a)(1), "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37. "In federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be discoverable." *Fountain v. City of NY*, 2004 U.S. Dis. LEXIS 7539, *3 (S.D.N.Y. May 3, 2004).

      It is well established that mutual knowledge of all relevant facts is essential to proper litigation. *Hickman v. Taylor*, 329 US 495, 507 (1947). Parties may seek liberal discovery on any matter reasonably calculated to lead to admissible evidence. *Fed. R.Civ.P.26(b)(1)*. The Court may consider several factors in determining whether discovery on an issue is appropriate including (1) importance of the issues at stake; (2) the importance of the proposed discovery in

resolving those issues; (3) the amount in controversy; and (4) the parties' resources. The party resisting discovery bears the burden of clarifying and explaining why its objections are proper. *Bass v. Grottoli*, 1996 U.S. Dist. LEXIS 11531, 7-8 (S.D.N.Y 1996 *J. Reice-Buchwald*)

On June 9, 2021, Plaintiff served a list of demands for documents and interrogatories upon Defendant Dada. Annexed hereto as **Exhibit 1** is a copy of the same. On August 3, 2021, Defendant served his responses. Annexed hereto as **Exhibit 2** is a copy of the same. These responses, however, are incomplete and my office sent Defendant Dada a letter detailing the insufficiency of these responses. Annexed hereto as **Exhibit 3** is a copy of the same.

Defendant Dada, through his attorney Robert Dapelo, has since informed my office that the State of New York is refusing to provide the documents required for a complete response to our demands. As such, Plaintiff and Defendant Dada agree on the need for an Order from this Court compelling the disclosure of those documents not provided in Defendant's response dated August 3, 2021.

As the parties have been unable to resolve this discovery dispute without judicial intervention, Plaintiff respectfully requests a conference pursuant to Local Rule 37.2 with this Court to discuss compelling the requested disclosure. I thank the Court for its time and attention to this matter.

Yours, etc.,

_____/s/_____
Adam J. Roth, Esq.