# Law Offices of Adam J. Roth

**112 Madison Avenue, 6th Floor**  **(212) 922 – 3741**
**New York, New York 10016**  **(212) 253 – 4157**
www.loajr.com  ajr@loajr.com

December 14, 2021

Judge Philip Halpern
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007

                Re:    Atkinson v. Trail et. ano.
                      7:20-cv-6101

Judge Halpern:

Please accept this correspondence as the parties joint request for this Court to "So Order" subpoenas for the following

1. New York State Office of Special Investigations attached as Exhibit 1.
2. Teconic Correctional Facility New York State Prison Rape Elimination Compliance attached as Exhibit 2.
3. Westchester County District Attorneys Office attached as Exhibit 3.

.The reason for this request is that plaintiff gave statements to regarding both defendants to OSI, PREA and the Westchester County District Attorneys' Office relative to the claims in the instant case. The Westchester County District Attorneys' Office refused to provide any of its file even in response to the plaintiff's sending Defe[ndant] attached as Exhibits 4 and 5. Both plaintiff and [defendant request] these subpoenas because the documentation co[uld be] exculpatory in nature.

It is well established that mutua[l...] proper litigation. *Hickman v. Taylor*, 329 US 4[...]

---

> Motion denied. Under Fed. R. Civ. P. 45, the Clerk of Court or counsel may issue and sign the subpoenas.
>
> The Clerk of Court is requested to mail a copy of this Order to pro se defendant Trail.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        December 16, 2021

discovery on any matter reasonably calculated to lead to admissible evidence. *Fed. R.Civ.P.26(b)(1)*. The Court may consider several factors in determining whether discovery on an issue is appropriate including (1) importance of the issues at stake; (2) the importance of the proposed discovery in resolving those issues; (3) the amount in controversy; and (4) the parties resources. The party resisting discovery bears the burden of clarifying and explaining why its objections are proper. *Bass v. Grottoli*, 1996 U.S. Dist. LEXIS 11531, 7-8 (S.D.N.Y 1996 *J. Reice-Buchwald*).

    In the instant case (1) the requested documents will be dispositive of the issues at stake (2) the documents are critical to the case (3) there is substantial damages and (4) the State has ample resources. Therefore, the parties jointly request this Court "So Order" the attached subpoenas.


Respectfully submitted,

    /s/

Adam J. Roth